JOSEPH S. LEVENTHAL (221043)
joseph.leventhal@dinsmore.com
DINSMORE & SHOHL LLP
655 West Broadway, Suite 800
San Diego, CA 92101
Ph: (619) 400-0500
Fx: (619) 400-0501

Attorneys for Defendants
SONY ELECTRONICS INC.
MATTHEW PARNELL, and MICHAELA ION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERT RIDDICK, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SONY ELECTRONICS INC., MICHAELA ION, MATTHEW PARNELL, NSO, INC., doing business as HARTE HANKS DIRECT MARKETING, and DOES 3-50, inclusive,<br><br>Defendants. | Case No.: '24CV0319 BAS JLB<br><br>Complaint Filed:   May 10, 2021<br><br>**NOTICE OF REMOVAL** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that SONY ELECTRONICS INC., a Delaware corporation ("Defendant"), by and through its undersigned counsel, hereby removes this action from the Superior Court of the State of California in and for the County of San Diego, in which the action is currently pending, to the United States District Court for the Southern District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. sections 1332, 1446, 1453 and all other applicable bases for removal. In support of this Notice of Removal, Defendant states as follows:

## THE STATE COURT ACTION

1. On May 10, 2021, Plaintiff BERT RIDDICK ("Plaintiff") filed a Complaint against Defendant in the Superior Court of California, County of San Diego, in the matter entitled *Bert Riddick v. Sony Electronics Inc. and DOES 1-50,* Case No. 37-2021-00020700-CU-CR-CTL. On November 9, 2021, Plaintiff Harry Crouch filed a Complaint against Defendant in the Superior Court of California, County of San Diego, in the matter entitled *Harry Crouch v. Sony Electronics Inc.* and DOES 1-50, Case No. 37-2021-00047692-CU-CR-CTL. On November 23, 2021, the Superior Court of California, County of San Diego, consolidated for all purposes Case No. 37-2021-00047692-CU-CR-CTL and Case No. 37-2021-00020700-CU-CR-CTL and made Case No. 37-2021-00020700-CU-CR-CTL the consolidated case number (the "State Court Action"). On December 7, 2021, Plaintiffs filed a consolidated class action complaint. After a series of motions seeking to amend the consolidated class action complaint, Plaintiffs' final motion to amend was granted on February 2, 2024. Plaintiffs filed a First Amended Consolidated Class Action Complaint on February 5, 2024, which is the operative complaint. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the operative complaint in the State Court Action ("Operative

Complaint"), which was served on Defendant on February 5, 2024, is attached hereto as **Exhibit A**.

2. In accordance with 28 U.S.C. § 1446(a), all other process and pleadings from the State Court Action, which were served on Defendant, are attached hereto as **Exhibit B**.

3. A class action alleging similar facts with a nearly identical putative class definition was filed against Defendant on October 4, 2019, less than three years prior to the commencement of the State Court Action on May 10, 2021. The nearly identical action was filed by Plaintiff Rich Allison in the Superior Court of California, County of San Diego, in the matter entitled *Rich Allison v. Sony Electronics Inc. and DOES 1-50*, Case No. 37-2019-00052970-CU-CR-CTL. In a declaration, Plaintiff's counsel in the Allison matter characterized the State Court Action as "an almost identical class action complaint." Attached hereto as **Exhibit C** is a true and correct copy of a July 20, 2021 declaration from attorney Al Rava, Plaintiff's counsel in Case No. 37-2019-00052970-CU-CR-CTL.

4. While Defendant contends that the allegations in the State Court Action lack merit, Plaintiffs allege the following causes of action against Defendants: (1) Violations of the California Unruh Civil Rights Act (California Civil Code § 51) and (2) Violations of California Civil Code § 51.5. (*See* Ex. A, at p. 1.)

5. The State Court Action was not removable prior to the filing of the Operative Complaint, which was served on Defendant on February 5, 2024, within thirty (30) days of this Notice of Removal.

## REMOVAL PROCEDURES AND VENUE

6. Defendant has not filed an answer or otherwise responded to the Operative Complaint. This Notice of Removal is filed within thirty (30) days of Defendant's receipt through service of a copy of the amended pleading from which it was first ascertained that the case is one that has become removable as permitted under 28 U.S.C. § 1446(b)(3).

7. Because removal jurisdiction is found under the Class Action Fairness Act of 2005, the one-year time limit for removal does not apply pursuant to 28 U.S.C. § 1453(b).

8. In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of the filing of this Notice to Plaintiffs.

9. Pursuant to 28 U.S.C § 1446(d), Defendant will also file a duplicate copy of this Notice with the Clerk of the Superior Court of California, County of San Diego.

10. In accordance with 28 U.S.C. § 1446(a), venue is properly placed in the United States District Court for the Southern District of California because it is the district court for the district where the State Court Action is pending (Superior Court for the State of California, County of San Diego).

11. Further, this action is not an action made non-removable by 28 U.S.C. § 1445 or § 1332(d)(9).

## CLASS ACTION FAIRNESS ACT JURISDICTION

12. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d), diversity jurisdiction for class actions, as this is a civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs and any member of a class of plaintiffs is a citizen of a state different from any defendant.

13. With respect to the amount in controversy, the Operative Complaint alleges at least 100 putative class members. (Ex. A, ¶ 96.) The Operative Complaint further alleges "mandatory minimum statutory damages of at least $4,000 for each and every offense committed by each and every Defendant as against each and every Plaintiff and Class member, plus attorney's fees…." (Ex. A, ¶ 95.) The Operative Complaint seeks $4,000 in statutory damages for each statute at issue for a total of $8,000 per offense. (Ex. A, ¶¶ 103, 109.)

14. Unlike earlier pleadings, the Operative Complaint alleges at least six (6) purported violations/offenses related to each of Defendant's Alpha Female Contests. (Ex. A, ¶¶ 33, 93.) The Operative Complaint also names four separate defendants,

against whom Plaintiffs seek to recover statutory damages separately. (Ex. A, ¶ 95.) Damages of $8,000 for each of six (6) purported offenses against each of four (4) defendants by at least 100 putative class members well exceeds $5,000,000 even before considering attorney's fees. The matter in controversy threshold is met.

15. The citizenship of Plaintiffs is unclear. The putative class is defined only as:

> All people who do not identify as female who were in California and over the age of 21 when they visited a Sony Electronics, Inc. website or social media page or received a Sony email or newsletter related to Sony's ALPHA FEMALE CONTESTS AND PROGRAMS, and had the intent to participate in at least one of the contests and submit a bid for and to be awarded one of Sony's ALPHA FEMALE CONTESTS AND PROGRAMS contracts during the time when bids were accepted, and encountered terms or conditions that denied them full and equal accommodations, advantages, facilities, privileges, or services, or discriminated against them, related to bidding on or contracting for the ALPHA FEMALE CONTESTS AND PROGRAMS because of their sex (the "Class").

At the time of removal, it is uncertain: (1) whether those who were "in California" when they met the putative class definition were citizens of California at the time; and (2) whether putative class members are citizens of California currently. Nonetheless, it is highly likely that at least one putative class member is a citizen of California at the time of removal.

16. Defendant is a citizen of Delaware and California because it is incorporated in Delaware with its principal place of business in California. Co-Defendant NSO, Inc., is a citizen of Ohio and Massachusetts because it is incorporated in Ohio with its principal place of business in Massachusetts. (*See, e.g.,* Ex. A, ¶ 28 (alleging NSO, Inc. is an Ohio corporation).) Attached hereto as **Exhibit D** is a true

and correct copy of the latest Statement of Information filed by NSO, Inc., with the California Secretary of State.

17. Based on the foregoing paragraphs, the requirement of minimal diversity of citizenship is satisfied in this case.

## NO EXCEPTIONS TO JURISDICTION EXIST

18. There are no exceptions to federal court jurisdiction under the Class Action Fairness Act.

19. The local controversy exception under 28 U.S.C. § 1332(d)(4)(A) does not apply because a nearly identical class action alleging similar facts was filed in the three years prior to the commencement of the State Court Action. As outlined above, a nearly identical action was filed by Plaintiff Rich Allison in the Superior Court of California, County of San Diego, in the matter entitled *Rich Allison v. Sony Electronics Inc. and DOES 1-50*, Case No. 37-2019-00052970-CU-CR-CTL. (*See* Ex. C, ¶ 13.) The *Allison* matter alleged the same two causes of action, with a nearly identical putative class, related to the same contests of Defendant's at issue in the State Court Action. Attached hereto as **Exhibit E** is a true and correct copy of the complaint filed in the *Allison* matter.

20. In addition, it is unclear whether more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, as required by 28 U.S.C. § 1332(d)(4)(A)(i)(I), as discussed *supra* at ¶ 15.

21. Further, the District Court may not decline jurisdiction under the home state exceptions of 28 U.S.C. §§ 1332(d)(4)(B) or 1332(d)(3) because one of the primary defendants—NSO, Inc.—is not a citizen of the state in which the action was originally filed. Specifically, the Class Action Fairness Act home state exception applies "only if ***all*** primary defendants are citizens of" the alleged home state. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019) (emphasis added). As a primary defendant, NSO, Inc. is not a citizen of California.

22. NSO, Inc. is a primary defendant because 22 of the 24 named class representatives allege that they "received advertisements, emails, and newsletters regarding Sony's ALPHA FEMALE CONTESTS AND PROGRAMS," which Plaintiffs allege were "discriminatory" and were "creat[ed]" and "disseminate[d]" by NSO, Inc. (*See* Ex. A, ¶¶ 28, 55-76, 81.) Plaintiffs further allege that NSO, Inc. "controlled the database of customers" who received the allegedly discriminatory communications. (Ex. A, ¶ 28.) Accordingly, Plaintiffs allege that NSO, Inc.'s liability is direct with nearly the same exposure as other defendants (and likely greater than the individual defendants). As a non-California, primary defendant, the home state exceptions to jurisdiction do not apply.

## RESERVATION OF RIGHTS

23. Defendant denies the allegations contained in the Operative Complaint. Defendant files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

24. Further, in making the assertions in this Notice of Removal, Defendant does not concede in any way that Plaintiffs have alleged causes of action upon which relief can be granted, that the allegations or inferences drawn therefrom are accurate, or that Plaintiffs are entitled to recover any amounts sought.

25. Defendant further reserves the right to amend or supplement this Notice of Removal as appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

WHEREFORE, Defendant respectfully requests that this action be removed to the United States District Court for the Southern District of California, and the Superior Court of California, County of San Diego, proceed no further with respect to this action.

Respectfully submitted,

Dated: February 20, 2024           DINSMORE & SHOHL LLP

By: */s/ Joseph S. Leventhal*
    JOSEPH S. LEVENTHAL

Attorneys for Defendants
SONY ELECTRONICS INC.
MATTHEW PARNELL, and
MICHAELA ION