UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERT RIDDICK, *et al.*,<br><br>              Plaintiffs,<br><br>     v.<br><br>SONY ELECTRONICS, INC., *et al.*,<br><br>              Defendants. | Case No. 24-cv-00319-BAS-JLB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEAL**<br>**(ECF No. 18)** |

Presently before the Court is Defendant Sony Electronics's ("Sony") motion to seal. (ECF No. 18.) Defendant seeks to file under seal portions of Plaintiff Bert Riddick's Amended Complaint and Plaintiff's opposition to Defendants' motion to dismiss. These documents were previously filed on the docket. Plaintiff does not oppose. (ECF No. 21.) For the reasons herein, the Court **GRANTS** Defendants' motion. (ECF No. 21.)

I.     **LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*

*State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. An action's complaint, and its associated exhibits, are more than tangentially related to the merits of the case. *Id.* at 1098. Similarly, a party's opposition to a motion to dismiss is more than tangentially related to the merits of the case. *Ctr. for Auto Safety*, 809 F.3d at 1098.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. A

blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's standing order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶5. The rule permits sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.* Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11–cv–00410–YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

## II.   ANALYSIS

Defendant seeks to file under seal portions of Plaintiff's Amended Complaint and portions of Plaintiff's opposition to Defendants' motion to dismiss that discuss an internal Sony marketing presentation. (ECF No. 18-1 at 3.) Specifically, Defendant seeks to file under seal two lines in Plaintiff's Amended Complaint that quote from the marketing presentation, two lines in the exhibits attached to Plaintiff's Amended Complaint that quote from the marketing presentation, and six lines of Plaintiff's opposition to Defendant's motion to dismiss that quote and discuss the marketing presentation. (*Id.*) Defendant contends there is a compelling reason to file these portions of the Amended Complaint under seal because they provide insight into Sony's marketing strategy, which Sony's competitors could unfairly use to undermine Sony's position in the market. (*Id.*) Defendant claims it maintains diligent efforts to keep these strategy presentations secret, and it will be harmed if the information remains public.

Courts throughout the Ninth Circuit have found future business planning and competitive strategy are quintessential business information that may harm a firm's competitive standing if disclosed. *See, e.g., Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012); *BBK Tobacco & Foods LLP v. Cent. Coast Agric. Inc.*, No. CV-19-05216-PHX-MTL, 2021 WL 5578864, at *4 (D. Ariz. Nov. 29, 2021). Defendant's forward-looking, confidential business strategy presents a compelling reason to seal. Moreover, Defendant, in line with this Court's standing order and the general preference for redactions, has moved to file under seal only the lines of Plaintiff's Amended Complaint and opposition to Defendants' motion to dismiss that quote or reference the internal presentation. Defendant's request is thus tailored to only the sensitive business information at issue.

Accordingly, Defendant's motion to seal is granted.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to seal is **GRANTED**. (ECF No. 18.) The Clerk of Court is directed to substitute ECF No. 1-2 with ECF No. 18-4 and then file previously docketed ECF No. 1-2 under seal. The Clerk of Court is directed to substitute ECF No. 1-8 with ECF No. 18-5 and then file previously docketed ECF No. 1-8 under seal. The Clerk of Court is directed to substitute ECF No. 8 with ECF No. 18-6 and then file previously docketed ECF No. 8 under seal.

**IT IS SO ORDERED.**

**DATED: August 23, 2024**

Hon. Cynthia Bashant
United States District Judge